# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AXONICS, INC., MICHAEL H. CARREL, RAYMOND W. COHEN, DAVID M. DEMSKI, JANE E. KIERNAN, ESTEBAN LÓPEZ, ROBERT E. MCNAMARA, and NANCY L. SNYDERMAN,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff James Smith ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.　Plaintiff brings this action against Axonics, Inc. ("Axonics" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Boston Scientific Corporation ("Boston Scientific").[1]

2.　On January 8, 2024, Axonics entered into an Agreement and Plan of Merger (the "Merger Agreement") with Boston Scientific and Boston Scientific's subsidiary, Sadie Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Sub, Inc. The Merger Agreement provides that Boston Scientific will acquire Axonics for $71.00 in cash per share of Company common stock.

3. The Company's corporate directors subsequently authorized the February 22, 2024, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for March 22, 2024.

question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and is and has been at all times relevant hereto, the owner of AXONICS common stock.

10. Defendant Axonics is a Delaware corporation with its principal executive offices located at 26 Technology Drive, Irvine, California 92618.  Axonics' shares trade on the Nasdaq Global Select Market under the ticker symbol "AXNX."  Axonics is a medical technology company engaged in the development and commercialization of novel products for the treatment of bladder and bowel dysfunction.  The Company's products include: (a) implantable sacral neuromodulation systems to treat urinary urge incontinence and urinary urgency frequency, as well as fecal incontinence and non-obstructive urinary retention; and (b) a urethral bulking agent to treat female stress urinary incontinence.

11. Defendant Michael H. Carrel is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Raymond W. Cohen is the Company's co-founder and is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant David M. Demski is and has been a director of the Company at all times relevant hereto.

14. Defendant Jane E. Kiernan is and has been a director of the Company at all times relevant hereto.

15. Defendant Esteban López is and has been a director of the Company at all times relevant hereto.

16. Defendant Robert E. McNamara is and has been a director of the Company at all times relevant hereto.

17. Defendant Nancy L. Snyderman is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On January 8, 2024, Boston Scientific and the Company jointly announced in relevant part:

> IRVINE, Calif.--(BUSINESS WIRE)--Jan. 8, 2024-- Axonics, Inc. (Nasdaq: AXNX) today announced that it has entered into a definitive agreement to be acquired by Boston Scientific Corporation (NYSE: BSX) for $71 in cash per share, representing an equity value of approximately $3.7 billion.
>
> Axonics brings a complementary product portfolio to the Boston Scientific Urology business. Axonics has pioneered and introduced significant enhancements to sacral neuromodulation therapy for bladder and bowel dysfunction and urethral bulking for women with stress urinary incontinence, both of which are among the fastest growing segments in urology.
>
> "Since its founding ten years ago, Axonics has focused on developing best-in-class solutions for people with incontinence, providing clinicians and their patients with strong clinical support, and raising public awareness of our

4

advanced therapies," said Raymond W. Cohen, chief executive officer. "The success of Axonics is a testament to our mission-driven employees and their commitment to innovation, quality and teamwork. Our team is looking forward to the global impact we can make as part of Boston Scientific as we endeavor to bring these life-changing therapies to more patients than ever before."

The boards of directors of Axonics and Boston Scientific have unanimously approved the transaction, which is expected to close in the first half of 2024 after satisfaction of customary closing conditions, including approval of Axonics' stockholders and receipt of required regulatory approvals. Upon completion of the transaction, Axonics will become a wholly owned subsidiary of Boston Scientific.

J.P. Morgan Securities LLC is serving as financial advisor and K&L Gates LLP is serving as legal counsel to Axonics.

**The Materially Incomplete and Misleading Proxy Statement**

20. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on February 22, 2024. The Proxy Statement, which recommends that AXONICS stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the line items underlying Axonics' forecasted Adjusted EBITDA and Unlevered Free Cash Flow.

22. The Proxy Statement also fails disclose the assumptions underlying the Company's financial forecasts.

5

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by J.P. Morgan*

23. The Proxy Statement fails to disclose material information concerning the financial analyses prepared by J.P. Morgan.

24. As to the *Discounted Cash Flow Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose: (a) the Company's terminal values; (c) Axonics' estimated 2023 year-end cash; and (c) its net operating losses and other tax assets.

25. As to the *Public Trading Multiples* analysis performed by J.P. Morgan, the Proxy Statement fails to disclose the respective multiples and financial metrics for each selected company analyzed by the financial advisor.

26. As to the *Selected Transactions Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective multiples and financial metrics for each transaction analyzed by the financial advisor.

27. As to the *Present Value of Future Share Price Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose: (a) the thirty (30)-day average multiples of the expected revenues observed in the analysis; and (b) the future market equity values for Axonics on December 2024, 2025, and 2026.

28. As to the *Analyst Price Targets* analysis performed by J.P. Morgan, the Proxy Statement fails to disclose the individual price targets and their respective, corresponding sources.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

29. The Proxy Statement fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Boston Scientific's proposals

or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. The omission of the above-referenced information renders statements in the "Certain Unaudited Financial Projections," "Opinion of J.P. Morgan Securities LLC," "Background of the Merger," and "Arrangements with Boston Scientific and Executive Officers" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Axonics**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Axonics is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants functioned as controlling persons of Axonics within

the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Axonics and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange

Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 4, 2024  **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*